Bichard S. Heller, J.
In this claim the infant by his guardian ad litem seeks to recover damages for personal injuries and the infant’s father seeks recovery of medical and hospital bills and loss of services resulting from the personal injury suffered by the infant.
The injury was incurred on July 19, 1959, while the infant was swimming in an artificial lake formed by the damming of a stream located in the Chenango Valley State Park, Broome County, New York. The State maintained bathing facilities at the lake. During the Summer months and on week ends such as the Sunday on which this accident occurred, there were eight or nine lifeguards on duty with boathouse and bathhouse attendants.
On July 19, 1959, the infant claimant who was then 15 years old was driven with a 14-year-old friend of his to Chenango Valley State Park by his father, the claimant William A. O’Loughlin. Mr. O’Loughlin left the boys who paid a fee for use of the bathhouse and proceeded to change their clothes and go swimming. They met two other boys of about the same age. *265 After swimming for a while all four boys left the pool and went to the concession stand. Thereafter three of the boys re-entered the pool with the infant claimant undecided as to whether to swim any more or not. The infant claimant then decided to re-enter the pool and for this purpose utilized some concrete steps leading to a deeper part of the lake and located between a dock on which a lifeguard was stationed and a dock on which a diving board was located. There is an iron handrail on either side of these steps. There are two steps above the water with one just under water and two more below that from which there is a drop of 12 to 14 inches down to the bottom.
As the infant claimant descended these steps with one hand on the right handrail facing the water and as he was on either the step just under water or the next step below he slipped and fell backward giving a violent jerk to his left knee. He got up with the assistance of his friends and they had to later help him to the bathhouse and assist him in walking to his father’s car.
The infant claimant had previously, about the middle of June, 1959, undergone surgery of his left leg below the kneecap for osteochondritis of the tibial tubercle. At the time of this accident he was still under treatment for this illness and was under the instructions of his doctor to avoid roughhousing, running, jumping or diving but he was permitted to swim.
The injury of a ruptured tendon which the infant claimant suffered on July 19, 1959 was not connected with the prior illness although that prior illness could have resulted in some instability which might have contributed to a fall.
The accident was not reported at the time although the infant claimant testified that a lifeguard saw the fall and asked if the infant claimant was all right who stated he was. The injury was reported to the Superintendent of the park on about July 21, 1959 by the claimant William A. O’Loughlin..
One of the lifeguards who was on duty on the day of the accident and who is now teaching school in Binghamton, New York, testified as to the normal course of operations of the park which included regular cleaning of these steps. The chief lifeguard during the Summer of 1959, who is now assistant supervising principal at Chenango Forks, New York, also testified as to the normal procedures, including the cleaning and inspection of these steps. Neither of these two witnesses could recall specifically whether or not the steps had been cleaned on the Sunday morning of this accident.
The steps are of a ribbed or rough concrete. There is no evidence of any prior accidents or injuries suffered in the normal utilization of these steps.
*266 The infant claimant was an invitee. The only question involved in this claim is whether or not the State carried out its obligation to exercise reasonable care to protect the infant claimant from known and foreseeable dangers. (Lawson v. State of New York, 207 Misc. 542, affd. 1 AD 2d 796.)
The court finds that the claimants have failed to establish any negligence on the part of the State of New York. There is no evidence to establish that these steps had been improperly maintained and cleaned and that there was any undue accumulation of slime or other substance making the steps unusually slippery. There is no evidence that these steps were any slipperier than might normally be anticipated where there was any wet surface and any person accustomed to swimming and utilizing wet surfaces must be chargeable with that knowledge regardless of signs or other warnings. Signs are not required to warn of a generally known hazard inherent in the activity for which the facilities were designed. In view of the failure to establish negligence on the part of the State the claim must be dismissed.
The motion made by the Attorney-General for dismissal at the close of the case is granted and the claim is dismissed.