## FOURTH DEPARTMENT, JULY, 1976

### (July 2, 1976)

■ · LAURA GARLOCK, Individually and as Parent of THOMAS GARLOCK, an Infant, Appellants, v PENN CENTRAL TRANSPORTATION COMPANY, Respondent.—Judgment unanimously reversed, on the law, and new trial granted, with costs to abide the event. Memorandum: Playing with companions on land adjoining defendant railroad's right of way, the plaintiff, then nine years old, sought to escape a friend, who was chasing him, by running onto defendant's tracks (four sets abreast) and climbing up on a ladder of a freight car in a train which had just come to a halt. Suddenly the car was jolted, plaintiff fell and one of his legs was severed by a moving car. There was no evidence that at the place where this occurred there was a crossing, formal or otherwise (see *Zambardi v South Brooklyn Ry. Co.,* 281 NY 516, 522–523). At the close of plaintiff's case the court granted defendant's motion for dismissal of the complaint. Under the principles of law existing in this State at the time of the accident and trial, the infant plaintiff was clearly a trespasser, and in the absence of evidence of violation of any duty which defendant railroad owed to him as a trespasser, the trial court properly dismissed the complaint. Since that time, however, the Court of Appeals has decided to abolish the long-standing rule that the status of an individual at the time of his injury on another's land, that is, whether a trespasser, licensee or invitee, was basic to a determination of his rights, and the court has held that the single issue now is whether the parties acted with reasonable care under the circumstances *(Basso v Miller,* 40 NY2d 233; *Scurti v City of New York,* 40 NY2d 433; *Barker v Parnossa, Inc.,* 39 NY2d 926). That principle, new in this State with respect to this type of case, applies of course to all pending litigation. Under this rule there are questions of fact for the jury to determine whether the defendant railroad acted with due care in connection with plaintiff's presence on its property and in the operation of its equipment while he was on its property, and likewise whether the infant plaintiff acted with the care required of a child of his age and experience in going upon the defendant's property and in his conduct while thereon. Accordingly, the judgment dismissing the complaint is reversed, the complaint reinstated and a new trial granted for determination of those questions of fact. (Appeal from judgment of Erie Supreme Court—negligence—railroad.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.