RICHARD NAUGHTON, Individually and as Administrator of the Estates of SCOTT E. NAUGHTON and Another, Deceased, Appellant, v DORIS SHEEHAN et al., Respondents.—In consolidated actions to recover damages for wrongful death of plaintiff's intestates, Diane Naughton and her brother Scott, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered February 22, 1974, which (1) is in favor of defendant the Town of Oyster Bay and against him, upon the trial court's dismissal of the complaint as against the town at the close of plaintiff's case, and (2) is in favor of defendant Doris Sheehan and against him, upon a jury verdict. Judgment, insofar as it is in favor of the Town of Oyster Bay, affirmed, without costs or disbursements. Judgment, insofar as it is in favor of Doris Sheehan, reversed, on the law, and, as between plaintiff and said defendant, action severed and new trial granted, with costs to abide the event. On December 15, 1968 Diane Naughton (aged 4 years, 3 months), and her brother Scott Naughton (aged 5 years, 11½ months), drowned in an in-ground swimming pool owned and maintained by defendant Doris Sheehan. It had snowed earlier in the day. Defendant Sheehan had not drained the water from the pool for the winter season and it had partially frozen. Diane and Scott were last seen alive playing in the backyard of the house adjoining defendant Sheehan's to the west. It is conceded that Diane and Scott were trespassers upon Doris Sheehan's land and the trial court accordingly charged the jury as to the traditional doctrine with respect to a landowner's liability to trespassers. In our opinion there must be a new trial as against defendant Sheehan because, on June 17, 1976, the Court of Appeals, in *Scurti v City of New York* (40 NY2d 433, 437), stated: "Today the court has held that the liability of a landowner to one injured upon his property should be governed, not by the ancient and antiquated distinctions between trespassers, licensees, and invitees decisive under common law, but rather by the standard applicable to negligence cases generally, i.e., the 'standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability' *(Basso v Miller,* 40 NY2d 233, 241)." (See,

also, *Barker v Parnossa, Inc.,* 39 NY2d 926.) On the facts of this case, we find no basis for imposing upon the town an obligation to have followed up the issuance of the 1959 pool construction permit with an investigation to determine whether a certificate of occupancy for the pool had been issued. Hopkins, Acting P. J., Latham, Damiani and Rabin, JJ., concur.