■ CHARLES J. BULSON, an Infant, et al., by CHARLES R. BULSON, Their Parent and Natural Guardian, et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 55229.)—Appeal from a judgment, entered February 21, 1975, upon a decision of the Court of Claims. This action was brought on behalf of infant claimants Charles J. Bulson, age 13 years, and Kevin F. Bulson, age 10 years, who received burns when they came in contact with electrical power lines while climbing a tree in the Grafton Lakes State Park. A few days before August 6, 1970, one Mrs. Alpy, together with Mrs. Lorraine Bulson and her three sons and a daughter, drove to the former Alpy property which had become part of the State park for the purpose of picking berries. At the close of the evidence, the trial court granted the State's motion to dismiss the claims against the State on the grounds that "the State did not breach the duty it owed claimants who came on to the property as licensees" and that claimants were contributorily negligent in that they knew the overhead wires were potentially dangerous and that it was apparent that overhead wires were running through the tree. The court held that the State owed no duty other than to abstain from affirmative acts of negligence, infliction of intentional injury, or creation of a trap. The court's finding that the State was not negligent was based on a now defunct rule of law. In *Basso v Miller* (40 NY2d 233, 241) the Court of Appeals abolished the rigid status classifications of licensee, invitee and trespasser

and stated a new rule that " 'a landowner must act as a reasonable man in maintaining his property *[sic]* in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' ". It is clear from the undisputed facts herein that even under the new rule the State did not breach any duty of reasonable care owed to claimants. Our examination of the record satisfies us that the State was not guilty of negligence and acted reasonably in view of all the circumstances in maintaining its property in a safe condition. Furthermore, the evidence supports the finding of the trial court that the infant claimants were guilty of contributory negligence. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Kane and Herlihy, JJ., concur; Main, J., dissents and votes to reverse in the following memorandum. Main, J. (dissenting). I cannot accept the majority's view that it is clear from the undisputed facts that the State did not breach any duty of reasonable care owed to these infant claimants nor do I share their conclusion that the record supports the trial court's finding that these infants were guilty of contributory negligence. Moreover, this case was tried and decided upon a rule of law that is no longer viable. While this court certainly has the power to make new findings, the peculiar circumstances involved here lead me to conclude that the better practice would be to grant a new trial of the issues and that justice requires that no less be done for these seriously injured infant plaintiffs. The judgment should be reversed, on the law and the facts, and a new trial granted, with costs to abide the event.