■ DONALD G. RICE, Individually and as Parent and Natural Guardian of LOUIS R. RICE, an Infant, Appellant, v RONALD P. ARGENTO et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: We affirm the judgment directing a verdict at the close of the plaintiffs' case (CPLR 4401) in favor of the defendants in a case where a three-year old infant was injured when he was struck by the glider section of a swing set owned by defendants and operated by their five-year old daughter. We note that the trial court based its decision on status/rights distinctions for premises liability. The trial court's directed verdict occurred six weeks before the Court of Appeals decided a trilogy of cases which impose a single standard of "reasonable care under the circumstances" regardless of the status of the plaintiff (*Basso v Miller*, 40 NY2d 233; *Scurti v City of New York*, 40 NY2d 433; *Barker v Parnossa, Inc.*, 39 NY2d 926). The *Basso-Scurti-Barker* standard applies to all pending litigation (*Garlock v Penn Cent. Transp. Co.*, 53 AD2d 1006). We find that application of the correct standard in the instant case requires the same result. Playground injuries are common occurrences especially when unsupervised young children are playing on a swing set. There is no evidence of any defect or inherent danger in the glider, nor any evidence of defendants' unreasonable conduct under the circumstances (see *Farkas v Cedarhurst Natural Food Shoppe*, 41 NY2d 1041; *Bulson v State of New York*, 57 AD2d 1016). Further, we also find that the Trial Judge properly excluded evidence of the prior injury since there was a failure of proof that the circumstances surrounding the prior accident were sufficiently similar to the relevant

conditions prevailing at the time of the later accident. (Appeal from judgment of Monroe Supreme Court—negligence.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.