■ HAROLD W. WATSON, as Administrator of the Estate of JOHN P. WATSON, Deceased, Appellant, v NIAGARA MOHAWK POWER CORPORATION, Respondent.—Order and judgment reversed, on the law and facts, with costs, and a new trial granted. Memorandum: Plaintiff seeks damages for the wrongful death of his five-year-old son which occurred when the boy fell into the Black River while playing on a concrete retaining wall maintained by defendant as part of its Kamargo Substation. At the conclusion of the proof the Trial Justice directed a verdict in favor of defendant, relying on the status rules of liability as they existed before the Court of Appeals decision in *Basso v Miller* (40 NY2d 233). That subsequent decision applies to all pending litigation and governs the disposition of this appeal *(Garlock v Penn Cent. Transp. Co.,* 53 AD2d 1006). Taking the evidence in the record in the light most favorable to plaintiff, as we must, we find that there were factual issues on whether defendant was chargeable with constructive knowledge that children played and swam from the walls and improvements connected with its substation and whether it exercised reasonable care to prevent injury to such persons under all the circumstances (see *Barker v Parnossa, Inc.,* 39 NY2d 926; *Naughton v Sheehan,* 56 AD2d 839). All concur, except Moule, J. P., who dissents and votes to affirm the order and judgment, in the following memorandum.

Moule, J. P. (dissenting). I dissent. Notwithstanding the applicability of *Basso v Miller* (40 NY2d 233), the trial court still must determine whether the facts will support a finding of negligence as a matter of law. *Basso* shifts

the focus from the status of the plaintiff to the conduct of the defendant. The court must determine whether the foreseeability of the child's presence on the wall and the accident is so remote, in light of the nature of the risk, that reasonable persons could differ as to whether the defendant was negligent *(Quinnlan v Cecchini,* 41 NY2d 686, 690). In the instant case the retaining wall extended some 1,400 feet along the Black River. Defendant fenced approximately 700 feet of the wall beginning at the substation and extending past a nearby playground to a point several feet beyond a footbridge across the river. Danger signs were posted near the wall at the footbridge. The remaining 700 feet of retaining wall was accessible only from a gully which rose steeply to the wall and was heavily overgrown. It is from the end of the wall farthest from the substation that the child apparently fell. The majority find that there are factual issues concerning "whether defendant was chargeable with constructive knowledge that children played and swam from *the walls and improvements connected with its substation* and whether it exercised reasonable care to prevent injury (emphasis added)." This statement is too broad. Since the retaining wall is long and the accesses to it are varied, the inquiry should focus on the area of the wall where the accident occurred. There is no testimony that children were seen playing on the portion of the wall from which the child fell. The witness who testified to seeing children play on the wall referred to a portion of the wall 300 feet from the accident site, an area to which the approach from the gully was less steep. In my opinion, the plaintiff has not made out a prima facie case that defendant had constructive knowledge of children playing on the portion of the wall where the child fell, or that defendant failed to exercise reasonable care concerning this portion of the wall. Accordingly, I would affirm the trial court's directed verdict in favor of defendant. (Appeal from order and judgment of Jefferson Supreme Court—dismissal of complaint.) Present—Moule, J. P., Cardamone, Simons and Witmer, JJ.