■ RICHARD D. GORDON, Individually and as Parent and Natural Guardian of DEBBIE M. GORDON, an Infant, Appellants, v EDWARD HARRIS et al., Respondents. (Action No. 1.) RICHARD D. GORDON, Individually and as Parent and Natural Guardian of DEBBIE M. GORDON, an Infant, et al., Respondents-Appellants, v EDWARD HARRIS et al., Respondents, and EDWARD HARRIS et al., as Parents and Natural Guardians of MARK HARRIS, an Infant, et al., Appellants-Respondents. (Action No. 2.) — Cross appeals from an order of the Supreme Court at Special Term (Hughes, J.), entered February 20, 1981 in Rensselaer County, which granted a motion for summary judgment dismissing the complaint and cross claims as against defendants Edward Harris, Anna Mae Harris, Joseph Fischer and Dolores Fischer, and denied said motion as to defendant Mark Harris. These are negligence actions to recover damages for personal injuries sustained by the infant plaintiff, Debbie M. Gordon, who, on August 7, 1970, when she was nine years old, was playing in the backyard of the Fischer residence. Mark Harris, then eight years old, was swinging a toy rifle like a golf club when a fragment of the rifle dislodged and struck Debbie in the left eye. These actions were commenced in 1977 and 1978. Special Term granted defendants' motion for summary judgment as to all defendants except Mark Harris. These cross appeals ensued. There should be an affirmance. Essentially, plaintiffs urge the existence of triable issues of fact sufficient to preclude summary judgment. We disagree. In a negligence action such as the instant one, a trial is necessary to determine liability only where a "real question" as to the landowner's negligence arises (*Barnaby v Rice*, 75 AD2d 179, 181, affd 53 NY2d 720; see *Quinlan v Cecchini*, 41 NY2d 686, 689; *Basso v Miller*, 40 NY2d 233, 241). As Special Term found, plaintiffs failed to assert that the Fischers had undertaken a duty to supervise the children. Absent such an undertaking, no such duty exists (cf. *Zalak v Carroll*, 15 NY2d 753). Liability here is thus limited to the Fischers' status as landowners. There is no evidence of unreasonable conduct on the part of these defendants (see *Rice v Argento*, 59 AD2d 1051). Since the accident emanated from the fortuitous conduct of a neighbor's child, the Fischers were entitled to summary judgment dismissing the complaint as against them (see *Barnaby v Rice, supra*). Paren-

tal liability for the torts of a child does not arise merely from the parental relationship (*Napiearlski v Pickering*, 278 App Div 456, 457). Special Term correctly described circumstances under which a parent may be held liable (see *Pico v Canini*, 47 AD2d 951; *Steinberg v Cauchois*, 249 App Div 518, 519). Pertinent herein are those instances where liability arises from a parent's failure to supervise a child with a known propensity toward vicious conduct, or where a parent entrusts a child with a dangerous instrument. The bill of particulars specifies that Edward and Anna Mae Harris were negligent in not supervising their child although aware of his vicious propensities. There is, however, nothing in the record to indicate that vicious conduct was a factor in this incident. Liability thus depends upon whether the Harrises were negligent in entrusting the toy rifle to their son. A parental duty is owed to third parties to afford protection against an infant child's improvident use of a dangerous instrument, particularly "when the parent is aware of and capable of controlling its use" (*Nolechek v Gesuale*, 46 NY2d 332, 338). The affidavit of Anna Mae Harris and deposition of Edward Harris clearly establish that neither was cognizant that their son possessed the toy rifle or aware of how he had obtained it. Special Term thus concluded that the Harrises had made out a prima facie showing for summary judgment. As a result, it was incumbent upon plaintiffs to come forward and present information in evidentiary form sufficient to create a triable issue of fact relative to the Harrises' connection with the toy rifle (*Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiffs' affidavits in opposition to the Harrises' motion fail to do this. Instead, in their brief on this appeal, plaintiffs argue that such facts are within the exclusive knowledge of the moving parties and thus the credibility of the Harrises should not be determined by affidavits submitted on a summary judgment motion (see *Koen v Carl Co.*, 70 AD2d 695). In our view, the deficiency in plaintiffs' papers may not be cured by a contention of "exclusive knowledge". Inasmuch as plaintiffs failed to tender evidentiary proof in opposition, the motion for summary judgment was properly granted. Finally, whether Mark Harris exercised that degree of care which a reasonably prudent child of his age, experience and intelligence would have exercised under similar circumstances presents a question of fact for the jury to determine (see *Morales v Quinones*, 72 AD2d 519, 520). Accordingly, summary judgment as to this defendant was properly denied. Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.