■ MICHAEL A. NADEAU et al., Appellants, v DAVID STACK et al., Respondents, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered February 19, 1981 in Saratoga County, which, *inter alia,* granted the motions of defendants David Stack, David G. Stack, and Virginia Stack for summary judgment. During the evening of May 20, 1978, plaintiff Michael A. Nadeau (age 17), defendant David Stack (age 17), and defendant Daniel W. Svoboda (age 18) gathered at the residence of the defendant parents of David Stack in preparation for a fishing trip the next day. Svoboda and Stack began to ride motor bikes they each owned, which were commonly used for riding on and about the Stack property and were neither registered nor equipped for operation on the public highways. At some point both Stack and Svoboda ceased riding the bikes, but plaintiff, without express permission, began riding Svoboda's bike, first around the Stack property, and then onto Plummer and then Middleline Roads, both public highways, when

the bike ran off the highway and over an embankment causing plaintiff severe physical injuries. The question before us is whether a triable issue of fact has been raised by plaintiffs upon which a jury could impose liability on the defendant David Stack and his parents, based on negligence. Plaintiffs advance three theories of negligence under which they assert such an issue of fact exists as to the liability of the parents. The first is that they owed a duty to supervise and control plaintiff's conduct in their capacity as owners of the premises where he initially rode the motor bike. However, it is uncontested that the accident occurred not on defendants' premises, but on a public highway. This being the case, liability is foreclosed by the holding in *Paul v Hogan* (56 AD2d 723, 724) that any duty to supervise guests on the part of a landowner "extends only to those persons who are physically present on defendant's property". The second theory is that the Stacks, even if under no general duty to supervise, voluntarily assumed that duty on the evening of the accident. On this issue, Special Term held that plaintiffs failed to submit evidence sufficient to raise an issue of fact as to whether either of the Stacks were even on the premises when the activities leading to the accident occurred. Even assuming, *arguendo,* that one of the parents was present, there is a total absence of proof of any entrusting of the care of the 17-year-old plaintiff, or of any affirmative undertaking to control, care for, or supervise his activities, a necessary element of a cause of action based upon this theory (*Gordon v Harris,* 86 AD2d 948; cf. *Willis v Young Men's Christian Assn. of Amsterdam,* 28 NY2d 375; *Zalak v Carroll,* 15 NY2d 753; *Gregaydis v Watervliet Civic Chest,* 14 AD2d 623). Plaintiffs' remaining contention concerning the liability of the Stack parents is based upon a theory of negligent entrustment of a dangerous instrumentality. However, the proof is clear that the motor bike plaintiff was operating at the time of his accident belonged to defendant Svoboda, an adult, and nowhere in the record is there a scintilla of evidence that the Stack parents had any possessory or other right to control Svoboda's disposition of his own property. Any entrustment was thus Svoboda's, and not the Stacks'. Finally, Special Term correctly dismissed the action against the infant defendant Stack, since the record affords no basis upon which this 17 year old had the duty to control or supervise the conduct of his 17- and 18-year-old guests. Order affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.