■ ANA M. HERRERA, Individually and as Administrator of the Estate of JAVIER HERRERA, Deceased, Respondent, v CLAUDE E. PIANO et al., Appellants.—In a wrongful death action, the defendants appeal from an order of the Supreme Court, Suffolk County (Stark, J.), dated June 5, 1985, which denied their motion for summary judgment dismissing the complaint.

Ordered that the appeal by the defendant Claude E. Piano is dismissed; and it is further,

Ordered that the order is affirmed as to defendant Ann Piano, and it is further,

Ordered that the respondent is awarded one bill of costs payable by the appellant Ann Piano.

On June 27, 1982, the plaintiff's decedent, an adult nonswimmer, drowned in the presence of other nonswimmers, when he allegedly lost his footing on an inclined, slippery, pool bottom and fell into the portion of the pool where the water was over his head. A rescue was attempted with a pool skimmer, which broke when the decedent grabbed it. The plaintiff commenced this wrongful death action, contending, *inter alia,* that the owners were negligent in failing to equip the pool, which contained deep water, with any suitable or readily accessible life lines, life preservers, life rings or other rescue equipment, albeit the owners had expressly granted nonswimmers permission to use the pool with knowledge that the person supervising the use of the pool, a caretaker, also could not swim.

The owner of a private residential swimming pool has a

duty to maintain the pool in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury and the burden of avoiding the risk *(see, Naughton v Sheehan,* 56 AD2d 839; *Basso v Miller,* 40 NY2d 233, 241). The evidentiary facts set forth by the plaintiff, which were conceded to be true for purposes of the motion for summary judgment, suffice to raise a triable issue as to whether or not there was negligence in failing to equip the pool with rescue equipment *(see generally, Liability of Operator of Swimming Facility for Injury or Death Allegedly Resulting from the Absence or Inadequacy in Rescue Equipment,* Ann., 87 ALR3d 380). Accordingly, the court correctly denied the motion for summary judgment. However, we note that in the absence of a showing that there was an undue accumulation of slime on the bottom of the pool, or that the floor material was not suitable for pools, the defendant Ann Piano cannot be liable for the decedent's drowning merely because he slipped from the shallow to the deep end of the pool, since a certain amount of slipperiness necessary to the use of pools is unavoidable *(see, Sciarello v Coast Holding Co.,* 242 App Div 802, *affd* 267 NY 585; *Beck v Broad Channel Bathing Park,* 255 NY 641; *O'Loughlin v State of New York,* 32 Misc 2d 264; *cf. Perez v City of New York,* 44 AD2d 514, *affd* 36 NY2d 657).

The defendant Claude Piano died prior to the rendering of the decision against him, thereby making the order void as to him and necessitating the dismissal of his appeal *(see,* CPLR 5016 [d]; *Manganero v Grega,* 108 AD2d 842). Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.