■ ANDY VALDEZ, an Infant, by His Mother and Natural Guardian, CARMEN VALDEZ, Respondent, v CITY OF NEW YORK, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated October 26, 1987, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the complaint is dismissed.

On August 8, 1983, at approximately 6:30 P.M., the plaintiff, and about 50 other children of various ages, were playing in the swimming pool located at the Commodore J. Barry Park in Brooklyn. The pool was shallow with a uniform three-feet, five-inch water level, a fact that the plaintiff was well aware of, and there were no lifeguards present at the time since the pool officially closed at 5:00 P.M. The plaintiff, who was 15½ years old at the time, was an experienced swimmer and diver, had been to that pool on many occasions, often spending five or six hours swimming. He had already dived into the pool once or twice that summer and had jumped into it many times. The plaintiff originally stated that he "dove" into the pool injuring himself, but later testified at a General Municipal Law § 50-h hearing, that he was sliding his feet along a pool ledge, attempting to clean them, when he slipped, "pushed off a little" with his feet, and "jumped" into the pool. As a result, he was injured when his head hit the bottom of the pool.

Accepting either version of the manner in which the accident occurred as true, the defendant is entitled to summary judgment in its favor. Even if we were to assume some degree of negligence on the part of the defendant in failing to keep people out of the pool area after closing and in failing to provide supervision, such negligence was not the proximate cause of the plaintiff's injuries. Rather, the act of the plaintiff, a 15-year-old boy who was an experienced swimmer and diver and who was very familiar with the shallow depth of the pool, in diving headfirst into the pool was an unforeseeable superseding event absolving the defendant of liability (see, Boltax v Joy Day Camp, 67 NY2d 617; Smith v Stark, 67 NY2d 693; Bradshaw v Paduano, 55 AD2d 828).

Moreover, the defendant could not be held liable for the purportedly slippery condition of the pool ledge in this case, since any such slipperiness was necessarily incidental to the use of the pool (see, Sciarello v Coast Holding Co., 242 App Div 802; see also, Conroy v Saratoga Springs Auth., 284 NY 723; Beck v Broad Channel Bathing Park, 255 NY 641; O'Loughlin v State of New York, 32 Misc 2d 264; see also, Herrera v Piano, 125 AD2d 548). In any event, the plaintiff admitted at the hearing that he "pushed-off" the pool ledge and "jumped" headfirst into the shallow pool water. "One who engages in water sports is deemed to assume the reasonably foreseeable

risks inherent in the activity" (*Herman v State of New York,* 94 AD2d 161, 164). Finally, there is no evidence that the presence of a lifeguard would have prevented this unfortunate accident (*see, Curcio v City of New York,* 275 NY 20; *Anello v Town of Babylon,* 143 AD2d 714).

Accordingly, since the plaintiff cannot show that any conduct by the defendant was the proximate cause of the accident, the court should have granted the defendant's motion for summary judgment. Lawrence, J. P., Rubin, Eiber and Balletta, JJ., concur.