■ JUDY BAILEY, Individually and as Mother and Natural Guardian of DEWANDA BAILEY, an Infant, Appellant, v GARY BOTTOMLEY, Respondent, et al., Defendants.—Appeal from an order of the Supreme Court (White, J.), entered November 30, 1989 in Montgomery County, which granted defendant Gary Bottomley's motion for summary judgment dismissing the complaint and all cross claims against him.

Upon the evidence before it, which was sufficient on this summary judgment motion *(see, James v Gloversville Enlarged School Dist.,* 155 AD2d 811, 812), Supreme Court properly determined that defendant Gary Bottomley was not liable for the injuries to plaintiff's daughter caused by Melissa Green. Absent a special relationship between Bottomley and Green *(see, Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8) or a showing that he had undertaken a duty to supervise the children's activities *(see, Nadeau v Stack,* 87 AD2d 943, 944), Bottomley's liability is limited to his status as a landowner *(see, Basso v Miller,* 40 NY2d 233, 241; *Gordon v Harris,* 86 AD2d 948). However, even if Bottomley breached his duty by failing to properly maintain the handrails on the porch steps, Green's intervening act was sudden and unforeseeable, thereby relieving Bottomley of any liability he may have had *(see, O'Britis v Peninsula Golf Course,* 143 AD2d 123, 125).

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.