■ Erik Von Bartheld et al., Appellants, v Marathon Organization, Inc., et al., Defendants, Robert Brady et al., Respondents, and Harrow Stores, Inc., Defendant and Third-Party Plaintiff-Respondent. Sunmaster Concepts, Third-Party Defendant, and Asahi Pool, Inc., et al., Third-Party Defendants-Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered April 30, 1990, which, upon the motions of the defendants Harrow Stores, Inc., Robert Brady, Mrs. Robert Brady and Richard Brady, at the close of the plaintiffs' case, dismissed the complaint and third-party complaint.

Ordered that the judgment is affirmed, with one bill of costs to respondents appearing separately and filing separate briefs.

The plaintiff Erik Von Bartheld was rendered a quadriplegic as a result of injuries he sustained when he dove into a four-foot-deep above-the-ground swimming pool on June 8, 1984. The pool was manufactured by the third-party defendant, Asahi Pool, Inc., and sold to Harrow Stores, Inc. (hereinafter Harrow). Harrow sold the pool and related equipment to the Bradys who installed it in their backyard. The plaintiffs brought this action against, *inter alia,* the Bradys and Harrow to recover damages in respect of the injuries sustained by Erik. Harrow then commenced a third-party action against, *inter alia,* Asahi Pool, Inc.

At the liability stage of the bifurcated jury trial the court, upon the motion of the defendants, at the close of the plaintiffs' case, dismissed the complaint and third-party complaint on the ground that the plaintiffs had failed to make out a prima facie case. Viewing the evidence in the light most favorable to the plaintiff, we find that there was no duty to warn Erik of the obvious dangers involved in diving into such a pool, since, contrary to the plaintiffs' contention, a cursory visual inspection would have revealed that this was an above-the-ground pool and merely four feet deep *(see, Caris v Mele,* 134 AD2d 475; *Amatulli v Delhi Constr. Corp.,* 156 AD2d 500, *affd* 77 NY2d 525). Accordingly, the court properly dismissed the complaint and third-party complaint.

We have considered the plaintiffs' remaining contentions and find them to be without merit. Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.