LAUREL DONACIK, Individually and as Parent and Natural Guardian of SARAH A. AIELLO, an Infant, Appellant, v POOL MART, INC., et al., Respondents. [705 NYS2d 784] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover damages sustained when her infant daughter, Sarah, hit her head on the bottom of a four-foot above-ground swimming pool. The accident occurred when Sarah either slipped and fell from the deck or dove into a pool manufactured by defendant Swim 'N' Play, Inc. (Swim 'N' Play). Defendants Paul Marinaccio and Florence Marinaccio purchased the pool and deck kit from defendant Pool Mart, Inc. (Pool Mart) in June 1982 and installed the pool and deck kit at their home. The Marinaccios sold the property, including the pool, to defendants Perry Hinsken and June Hinsken in June 1987. The accident occurred on August 30, 1989.

Supreme Court properly granted the motions of Pool Mart and the Marinaccios and that part of the motion of Swim 'N' Play for summary judgment dismissing the second amended complaint and cross claims against them. The record provides no basis for extending liability for the allegedly dangerous condition of the pool and deck to the Marinaccios, the prior owners of the property (*see, Bittrolff v Ho's Dev. Corp.,* 77 NY2d 896, 898). The breach of warranty causes of action alleged against Swim 'N' Play and Pool Mart are untimely. The four-year period provided in UCC 2-725 expired prior to the accident, and the tolling provision of CPLR 208 does not apply (*see, Ribley v Harsco Corp.,* 57 AD2d 234, 236). Under either version of the accident, Swim 'N' Play and Pool Mart are also entitled to summary judgment dismissing the products liability and negligence causes of action. Assuming that Sarah slipped and fell from the deck, we conclude that Swim 'N' Play is not liable for the allegedly slippery condition of the deck because it did not manufacture the deck (*see, McCluskey v Gary Pools Sales & Servs.,* 158 AD2d 1006, *lv denied* 75 NY2d 711). Nor is Pool Mart, the seller, liable for the allegedly slippery condition of the deck because "such slipperiness was necessarily incident to the use of the pool" (*Valdez v City of New York,* 148 AD2d 697, 698; *see, Sciarello v Coast Holding Co.,* 242 App Div 802,

*affd* 267 NY 585; *Herrera v Piano,* 125 AD2d 548, 549). Further, assuming that Sarah dove into the pool, we conclude that neither Swim 'N' Play nor Pool Mart is liable for failing to warn of the obvious danger of diving into a four-foot above-ground pool (*see, Edmonds v Fodera,* 239 AD2d 383, 384, *lv denied* 90 NY2d 809; *Von Bartheld v Marathon Org.,* 190 AD2d 667, *lv denied* 81 NY2d 711; *Belling v Haugh's Pools,* 126 AD2d 958, 959, *lv denied* 70 NY2d 602, *rearg dismissed* 70 NY2d 748).

The court did not abuse its discretion in granting those parts of the motions of Swim 'N' Play and the Hinskens seeking an order precluding plaintiff's expert from testifying at trial. Plaintiff's limited disclosure of the substance of the expert's anticipated testimony did not satisfy the criteria of CPLR 3101 (d) (1) (i) (*see, Qian v Dugan,* 256 AD2d 782; *Chapman v State of New York,* 189 AD2d 1075). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes and Kehoe, JJ.