Memorandum. Even if it be assumed that the decedent was contributorially negligent, under the clear and explicit charge of the court, in the light of the physical conditions at the scene of the accident and in reliance on the testimony of the professional safety engineer, the jury was entitled to find that the motorman had actual knowledge of the decedent’s presence and predicament prior to the moment at which he testified that he first saw him and in time to afford a clear opportunity in the exercise of reasonable care to avoid the accident.
 

 
 *766
 
 The Appellate Division held that if it had not dismissed the complaint it would have ordered a new trial on the ground that the verdict was against the weight of the credible evidence. Consequently it is not necessary to remit the case to the Appellate Division to assess the facts. (Cf. Cohen and Karger, Powers of the New York Court of Appeals [rev. ed.], p. 540.) On the record we would have held as a matter of law that there was some evidence that the motorman failed to maintain a reasonable lookout.
 
 (Noseworthy
 
 v.
 
 City of New York,
 
 298 N. Y. 76.) It was also error to hold that the decedent was contributorially negligent as a matter of law.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Rabin concur; Judge Stevens taking no part.
 

 Order reversed and a new trial granted, with costs to abide the event, in a memorandum.