Memorandum. The observations of the sole available eyewitness to this fatal collision between two automobiles at or about the center line of a roadway, though covering only the briefest interval of distance and time before the impact took place, when added to the photographic and other physical evidence garnered by the investigating police officers at the scene and the inferences to be drawn therefrom, constituted sufficient proof from which a jury could find, as it here did, that there was negligence on the part of the operators of both vehicles. In affirming, the Appellate Division also had a right to take into account the fact that, in the reconstruction of an event that has been produced quickly and unexpectedly by the dynamics of rapidly moving motor vehicles, "precision” of proof cannot always be expected or required (cf.
 
 Pfaffenbach v White Plains Express Corp., 17
 
 NY2d 132), most especially where neither the driver of one of the vehicles, who is dead, nor the driver of the second, who has amnesia for the events of the accident, or, for that matter, the sole passenger, whose estate was awarded damages for his death in this case, were available to testify
 
 (Noseworthy v City of New York,
 
 298 NY 76;
 
 Schechter v Klanfer,
 
 28 NY2d 228).
 

 Since there were no exceptions taken at trial to the charge to the jury, any present claim of error with respect thereto was not preserved for our review (CPLR 5501, subd [a], par 3;
 
 McConnon v Catalano,
 
 39 NY2d 881).
 

 Accordingly, the order of the Appellate Division must be affirmed.
 

 
 *973
 
 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs, in a memorandum.