■ PAUL SMITH, Respondent, v DIANNE STARK et al., Defendants, and PAL POOLS, INC., Appellant. — In an action to recover damages for personal injuries based upon theories of negligence, products liability and breach of warranty, defendant Pal Pools, Inc., appeals from so much of an order of the Supreme Court, Nassau County (McGinity, J.), dated February 3, 1984, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Order reversed insofar as appealed from, on the law, without costs or disbursements, defendant Pal Pools, Inc.'s cross motion for summary judgment dismissing the complaint insofar as it is asserted against it granted, and action as to the remaining defendants severed.

Plaintiff, an 18-year-old college student, suffered disabling injuries when he dove into a pool on July 11, 1981. In the instant action to recover damages for these injuries, plaintiff alleged that the defendant Pal Pools, Inc., the manufacturer and installer of the pool, was negligent, *inter alia,* in failing (1) to place markers at various locations of the pool to indicate water depth, (2) to erect signs or warning devices to indicate the shallow and deep ends of the pool, and (3) to place a demarcation line or sign between the shallow and deep ends of the pool.

After joinder of issue, defendant Pal Pools, Inc., cross-moved for summary judgment dismissing the complaint as to it. In support of the cross motion, it alleged, *inter alia,* that the evidence adduced at plaintiff's examinations before trial conclusively demonstrated that the absence of depth markers was not the proximate cause of plaintiff's injuries.

By order dated February 3, 1984, Special Term denied defendant Pal Pools' cross motion for summary judgment. In its order Special Term held that "whether or not [Pal Pools'] failure to provide [depth markers] might have been a breach of duty that caused plaintiff to be misled, thereby constituting a proximate cause of his injury is a triable issue that bars summary dismissal of the action as against the pool contractor".

We disagree with the holding of Special Term.

During the course of his examination before trial, plaintiff admitted that he was generally familiar with pools and their layouts due to the fact that (1) he had learned to swim in a pool at around the age of eight years, (2) while on a swim team, at the age of 10, he had received instructions on how to perform a "racing dive" (i.e., a dive in which the diver does not enter the water deeply but rather skims across the top of the water) in shallow ends of pools, and (3) he had actual experience in swimming in various in-ground pools.

With respect to the particular pool involved in the case at bar, plaintiff admitted at his examination before trial that (1) he observed a diving board on one side of the pool, which he knew from common sense to be at the deep end of the pool, and a set of steps at the opposite end of the pool from the diving board which he understood was the shallow end, (2) he observed other people standing in the shallow end of the pool, (3) he observed one of his college roommates who was five feet eight inches tall carrying another friend who was six feet four inches tall down the steps into the shallow end of the pool, and thereafter saw the taller friend walk up the stairs out of the shallow end of the pool, and (4) he himself pushed another friend into the area near the stairs which he understood to be the shallow end of the pool.

These uncontradicted facts clearly demonstrated that defendant Pal Pools' alleged negligence was not the proximate cause of plaintiff's injuries.

In *Colosimo v May Dept. Store Co.* (466 F2d 1234), a case factually similar to that at bar, the United States Court of Appeals for the Third Circuit reversed a jury verdict for plaintiff and granted judgment to the defendant, the manufacturer and retailer of the pool. The court stated (pp 1235-1236): "the jury was required to find * * * that such condition was a proximate cause of the mishap. The facts in this record make clear that * * * the absence of warning signs concerning diving, were not a substantial factor in causing plaintiff's injuries since he was well aware of the risk of striking the bottom of the pool. Although [plaintiff] was only 15 years of age at the time of the accident, he had eight years of experience in swimming. He had completed four Red Cross courses covering various aspects of aquatics, including diving * * * Moreover, just before diving into the pool, he had observed an adult apparently sitting in the pool with the water coming only to his chest and his arms resting on the rim of the pool. Thus the approximate depth of the water * * * was apparent to any observer and to plaintiff in particular * * * This error of judgment * * * rather than any lack of warning * * * was the proximate cause of this accident" (*see also, Caruso v Aetna Ins. Co.,* 186 So 2d 851 [La]).

Since no triable issue exists on the question of proximate cause, the cross motion of defendant Pal Pools, Inc., for summary judgment as to it must be granted. Mangano, J. P., Bracken and Niehoff, JJ., concur.

Gibbons, J., dissents and votes to affirm the order insofar as appealed from, with the following memorandum: On the evening of July 11, 1981, the plaintiff in this case, an 18-year-old college student, was seriously and tragically injured when he dove or was thrown into the shallow end of an in-ground residential swimming pool during a pool party in Riverhead, Long Island. As a result of his injuries, the plaintiff has been rendered a quadriplegic.

In the instant action to recover damages for his injuries, plaintiff maintained, *inter alia,* that the manufacturer and installer of the pool, defendant Pal Pools, Inc., was negligent, *inter alia,* in failing to place depth markers at various locations around the pool or to take other appropriate measures to apprise prospective users of the comparative depth of the water. On February 3, 1984, Special Term (McGinity, J.), denied the parties' respective cross motions for summary judgment on the ground that the duty (if any) to provide such markers and its possible causal connection to the plaintiff's injuries presented triable issues of fact for the jury to determine. This appeal followed. I would affirm insofar as appealed from.

Although he had no precise recollection of how the accident happened, plaintiff testified at an examination before trial that immediately preceding his entry into the water, he had been chased by certain of his friends around the perimeter of the pool, until, cornered by a fence, he was grabbed by approximately four persons and dragged towards the water. According to an eyewitness, it was at this point that the plaintiff was apparently given the option of either diving or being thrown into the water, and, in the scant few seconds afforded him, the plaintiff apparently elected to dive into the water. While it may be presumed that the plaintiff knew how to make a shallow or "racing dive", there is nothing in the record which would even tend to indicate that he was then aware of the fact that he was nearer to the shallow end of the pool, nor would his lack of such knowledge be surprising in view of the on-going situation then confronting him. Moreover, even if the plaintiff knew in a generalized way that he was nearer to the shallower end of the pool, it appears from his moving affidavit that he had never undertaken to determine the precise depth of the water, since he never had any intention of entering the pool. In any event, it was the plaintiff's impression that the pool was deep. In support of his position, the

plaintiff submitted an affidavit by a mechanical engineer who was familiar with the principles of optics as they related to swimming pool design, in which it was stated, *inter alia,* that the pool in question was "dangerously and defectively designed in that it created an optical and visual trap for the unsuspecting bather". In addition, there was proof in the record in the form of a "Fact Sheet" from the United States Consumer Product Safety Commission published over one year prior to the date of the pool's construction, in which it was noted, *inter alia,* that safe diving areas should be indicated on the bottom of the pool by different colors, and that numbers should be painted on the edge of the pool indicating the depth of the water at various locations.

Under such circumstances, and particularly in light of the fact that the presence of depth markers would have obviated plaintiff's need to perform an independent evaluation of the water's depth and to apply that evaluation in the frantic moments preceding his entry into the water, it is my belief that the possible negligence of the appellant, as the pool manufacturer and installer, presented a triable issue of fact for the jury to determine. As has oft been stated: "To grant summary judgment it must clearly appear that no material and triable issue of fact is presented. '[I]ssue-finding rather than issue-determination, is the key to the procedure' (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Because summary judgment is the procedural equivalent of a trial, where there is any significant doubt whether there is a material issue of fact or where the material issue of fact is 'arguable', summary judgment must be denied (*Phillips v Kantor & Co.,* 31 NY2d 307)" (*Zibbon v Town of Cheektowaga,* 51 AD2d 448, 450, *appeal dismissed* 39 NY2d 1056). In addition, the courts are increasingly reluctant to grant summary judgment against a plaintiff in a wrongful death action since the plaintiff therein is not held to as high a degree of proof (*see, Zibbon v Town of Cheektowaga, supra; see also, Reilly v New York City Tr. Auth.,* 34 NY2d 764; *Noseworthy v City of New York,* 298 NY 76), a principle which is equally applicable here, where the plaintiff appears quite capable of establishing to the jury's satisfaction that he has suffered a significant loss of memory regarding the facts of the occurrence (*see, Schechter v Klanfer,* 28 NY2d 228; *Wartels v County Asphalt,* 29 NY2d 372; *Lyons v De Vore,* 39 NY2d 971; *Jarrett v Madifari,* 67 AD2d 396).

In this regard, it is important to note that the mere fact that the appellant may have built the pool in accordance with the then-prevailing industry standards would not preclude a present finding of negligence (*see, Trimarco v Klein,* 56 NY2d 98; *Miner v Long Is. Light. Co.,* 40 NY2d 372; *Shannahan v Empire*

*Eng. Corp.,* 204 NY 543). Moreover, *Colosimo v May Dept. Store Co.* (466 F2d 1234) is, in my view, distinguishable on its facts, as the swimming pool in issue in that case was an above-ground pool of constant depth. Thus, there was no conceivable way for the plaintiff to have been deceived regarding the depth of the water (*cf. Caruso v Aetna Ins. Co.,* 186 So 2d 851 [La]).

For all of the foregoing reasons, the order should be affirmed insofar as appealed from.