**Edna RANEY, Individually and as Executrix of the Estate of William Raney, Sr., Deceased, Plaintiff–Appellee,**

v.

**OWENS–ILLINOIS, INC., The Celotex Corporation, and Raymark Industries, Inc., Defendants–Appellants,**

**The Anchor Packing Company, et al., Defendants.**

**No. 384, Docket 88–9099.**

United States Court of Appeals, Second Circuit.

Argued Dec. 8, 1989.

Decided Feb. 26, 1990.

Andrew T. Berry, Newark, N.J. (McCarter & English, Newark, N.Y., on the brief), for defendants-appellants.

John A. Collins, Buffalo, N.Y. (Richard P. Weisbeck, Jr., Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N.Y., on the brief), for plaintiff-appellee.

Before KAUFMAN, NEWMAN and WINTER, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

The issue in this diversity case involving the death of an asbestos worker is whether the evidence sufficed to permit the jury to conclude that the absence of warnings concerning the hazards of asbestos was a proximate cause of the decedent's injuries and death. Owens–Illinois, Inc., The Celotex Corporation, and Raymark Industries, Inc. appeal from the October 24, 1988,

judgment of the District Court for the Eastern District of New York (Raymond J. Dearie, Judge), awarding the worker's widow, individually and as executrix, approximately $450,000. We affirm.

William Raney, Sr., the decedent, was employed as an asbestos installer from the mid–1940's until at least 1955. During the period prior to 1956, to which the trial evidence was limited by agreement, he applied insulating materials containing asbestos to boilers and steam lines aboard ships and in generating plants and other structures. The appellants manufactured the asbestos in the insulating materials used by Raney. Raney developed asbestosis (scarring of the lung tissue due to asbestos inhalation) and mesothelioma (asbestos-induced cancer of the lining of the lung). As a result of these diseases, he died in 1976 at age 68.

Suit was brought in 1987 by virtue of a New York statute reviving certain claims, previously barred by the statute of limitations, based on exposure to various substances including asbestos. *See* 1986 N.Y. Laws ch. 682, § 4, *reprinted at* N.Y.Civ. Prac.L. & R. 214–c, note (McKinney 1989) (Revival of Actions). Plaintiff sought to recover on a theory of strict product liability, alleging failure to warn as a product defect. The evidence permitted the jury to find that Raney had been exposed to asbestos products manufactured by the defendants, that exposure to these products caused his diseases and death, that the hazards of these products were known to the defendants at the time of manufacture, that the products were unreasonably dangerous in the absence of warnings, and that the products were not accompanied by warnings.

The issue primarily disputed on appeal is whether the evidence sufficed to permit the jury to find that the failure to warn was a proximate cause of Raney's injuries. Appellants contend that plaintiff was required under New York law to present some evidence from which a jury could reasonably find that Raney would have heeded warnings and altered his conduct so as to avoid exposure to asbestos. They further contend that no such evidence was presented and that the only evidence on the issue of heeding warnings was their evidence that Raney had continued smoking cigarettes despite the appearance of warnings of the health hazards of smoking. Appellee contends that New York recognizes a "heeding presumption," which permits a jury to infer, whenever the facts show that a warning is required, that a warning would have been heeded.

Appellee somewhat misstates the matter by asserting that New York recognizes a "heeding presumption," but she is correct in contending that in some circumstances, New York permits the trier to infer that a warning would have been heeded and thereby to conclude that the absence of a warning that was reasonably required to be given was a proximate cause of an injury. Appellee cites no New York decision that refers to a "presumption" of heeding. That term is better reserved to describe circumstances under which an ultimate fact must be inferred from one or more subsidiary facts in the absence of countervailing evidence tending to show that the inference of the ultimate fact ought not to be drawn. Appellee does not claim entitlement to a "presumption" in this sense of the term. She makes no claim that the court should have instructed the jury to rule in her favor on the issue of whether a warning would have been heeded. Instead, she urges that she was entitled to have her case reach the jury and that it was for the jury to decide whether to draw the inference that a warning would have been heeded. In the circumstances of this case, that more limited contention is correct.

New York, in company with most jurisdictions, imposes on a plaintiff the burden to prove that a defendant's negligence was a proximate cause of his injury, and this burden applies in a strict product liability case to oblige the plaintiff to prove that a manufacturer's failure to provide a reasonably required warning was a proximate cause of his injury. *See Belling v. Haugh's Pools, Ltd.*, 126 A.D.2d 958, 959, 511 N.Y.S.2d 732, 733 (4th Dep't), *leave to appeal denied*, 70 N.Y.2d 602, 518 N.Y. S.2d 1024, 512 N.E.2d 550 (1987); *Samuels*

*v. American Cyanamid Co.*, 130 Misc.2d 175, 185–86, 495 N.Y.S.2d 1006, 1014 (Sup. Ct.1985); *see also Lindsay v. Ortho Pharmaceutical Corp.*, 637 F.2d 87, 92 (2d Cir. 1980) (applying New York law). New York recognizes, however, that causation may sometimes be inferred from the facts and circumstances that the plaintiff has presented and has applied this principle in the context of determining whether a failure to warn was the proximate cause of an accident, *i.e.*, whether a warning would have been heeded. *See, e.g., Wood v. State*, 112 A.D.2d 612, 615, 492 N.Y.S.2d 481, 484 (3d Dep't 1985); *Koester v. State*, 90 A.D.2d 357, 361–62, 457 N.Y.S.2d 655, 658–59 (4th Dep't 1982); *Rugg v. State*, 284 A.D. 179, 131 N.Y.S.2d 2 (3d Dep't 1954); *see also Tinnerholm v. Parke Davis & Co.*, 285 F.Supp. 432, 451 (S.D.N.Y.1968), *aff'd as modified*, 411 F.2d 48 (2d Cir.1969) (applying New York law). Accordingly, even though a plaintiff is not entitled to a presumption, a jury might be permitted to infer the necessary element of causation.

Of course, in some circumstances it is not reasonable to draw an inference that a warning would have been heeded, *see e.g., Elsroth v. Johnson & Johnson*, 700 F.Supp. 151 (S.D.N.Y.1988) (absence of warning that Tylenol package was not tamper-proof immaterial as a matter of law because evidence indisputably showed that injury would have been sustained even if warning had been given). And the absence of a warning may not be a proximate cause if the facts show that the plaintiff had the same awareness of danger as the warning would have given, *see Koester v. State*, 90 A.D.2d at 362, 457 N.Y.S.2d at 659. Also to be distinguished are cases where a warning is not reasonably required because the danger is obvious, *Belling v. Haugh's Pools, Ltd., supra* (shallow depth of swimming pool); *Smith v. Stark*, 111 A.D.2d 913, 490 N.Y.S.2d 811 (2d Dep't 1985) (same), *aff'd*, 67 N.Y.2d 693, 499 N.Y.S.2d 922, 490 N.E.2d 841 (1986); *see Micallef v. Miehle Co.*, 39 N.Y.2d 376, 384 N.Y.S.2d 115, 348 N.E.2d 571 (1976) (rejecting obviousness of the danger as a complete bar to negligence claims but retaining it with respect to strict product liability claims).

Ultimately, the issue is whether the facts and circumstances presented by the plaintiff in a particular case permit a jury reasonably to infer that a warning, reasonably required, would have been heeded. In this case, it was reasonable to infer that Raney would have heeded a manufacturer's warning. There was no evidence that Raney was aware of asbestos hazards, and they were not obvious. Though everyone might not agree that an asbestos worker would have sought other employment had he been warned of asbestos hazards, a prediction as to what a worker, alerted to the hazards, would have done is generally within the range of reasonable dispute that makes matters appropriate for submission to a jury. Evidence that Raney, who had begun smoking and perhaps had become addicted years before cigarette health warnings appeared, did not stop smoking after such warning, even if admissibility is assumed, is, at most, a circumstance for the trier to consider in deciding whether an asbestos warning would have been heeded. Such evidence does not preclude a finding in plaintiff's favor. As Judge Dearie noted, a jury could reasonably conclude that Raney would have adjusted his conduct more significantly to asbestos warnings than to cigarette warnings or that his union would have precipitated action to protect his welfare.

Appellants also complain that the jury was permitted to examine during deliberations a social security printout of Raney's employment record that reflected his employment with a distributor of one of the appellants during two years beyond the time period the parties had agreed was relevant to his exposure and injuries. Although it might have been preferable to excise the irrelevant portion of the printout, the trial judge's cautionary instruction to disregard that portion sufficed to warrant submission of the entire exhibit to the jury.

The judgment of the District Court is affirmed.