Mauro v City of New York (2018 NY Slip Op 07536)





Mauro v City of New York


2018 NY Slip Op 07536


Decided on November 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2018

Friedman, J.P., Richter, Kahn, Oing, Moulton, JJ.


7554 155085/12

[*1]Andre Mauro, Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Appellants, The New York City Department of Education, et al., Defendants.


Weiner, Millo, Morgan & Bonanno, LLC, New York (Richard A. Walker of counsel), for The City of New York and PS 85 LLC, appellants.
Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York (Vanessa M. Corchia of counsel), for Kenny Maraj and Kenneth Ramesh Maraj, appellants.
Law Office of David Scott, New York (Paul Biedka of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered January 11, 2017, which, to the extent appealed from, denied defendants City of New York (City) and PS 85 LLC's (PS 85) motion for summary judgment dismissing the complaint as against them, and denied defendants Kenny Maraj and Kenneth Ramesh Maraj's (Maraj) cross motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to grant the cross motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against Maraj.
Issues of fact exist as to whether plaintiff's presence on the City and PS 85's property was foreseeable (see Scurti v City of New York, 40 NY2d 433 [1976] [jury could find City failed to use reasonable care to avoid foreseeable injury to infant plaintiff who was electrocuted after entering railroad yard through one of several holes in fence on City-owned playground that were made and used by area children]; compare Garcia v City of New York, 205 AD2d 49, 52 [1st Dept 1994] [City not liable to plaintiff whose decedent illegally entered and drowned in public swimming pool after it had officially closed for the day, where City had taken "all reasonably necessary steps to secure the area and exclude illegal swimmers from its facilities after closing"], lv denied 85 NY2d 810 [1995]).
Although Maraj argues for the first time on appeal that the hole in his fence through which plaintiff was able to gain access to the City's property was not a proximate cause of plaintiff's accident, we will consider the argument, because the issue is a legal one that appears on the face of the record and could not have been avoided if raised before the motion court (see Rojas-Wassil v Villalona, 114 AD3d 517 [1st Dept 2014]). On the merits, we conclude that the hole in Maraj's fence, "[a]t best, merely furnished the occasion for the accident to occur, rather than its proximate cause" (Boltax v Joy Day Camp, 113 AD2d 859, 861 [2d Dept 1985] [internal quotation marks omitted], affd 67 NY2d 617 [1986]).
We have considered the City and PS 85's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 8, 2018
CLERK