■ LEONARD V. SETTEMBRINI, as Administrator of the Estate of GENEVIEVE SETTEMBRINI, Deceased, Appellant, v ST. JOSEPH'S MEDICAL CENTER et al., Respondents.—In a medical malpractice action, *inter alia,* to recover damages for wrongful death, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 2, 1989, which denied his motion for leave to serve an amended complaint separately pleading causes of action to recover damages for wrongful death, conscious pain and suffering, and loss of services and expenses, and which granted the defendants' respective cross motions to dismiss the action for failure to file a notice of medical malpractice action pursuant to CPLR 3406 (a), and (2) from an order of the same court, entered August 17, 1989, which denied his motion for renewal.

Ordered that the order entered May 2, 1989, is modified (1)

by deleting the provisions thereof which denied those branches of the plaintiff's motion which were for leave to serve an amended complaint separately pleading causes of action to recover damages for wrongful death and conscious pain and suffering, and substituting therefor a provision granting those branches of the motion, (2) by deleting the provision thereof which denied in its entirety that branch of the plaintiff's motion which was to amend the complaint to assert a cause of action to recover damages for loss of services and expenses, and substituting therefor a provision granting that branch of the motion to the extent of permitting the plaintiff to assert a cause of action to recover damages for the decedent's medical and hospital expenses and otherwise denying that branch of the motion, and (3) by deleting the provisions thereof which granted the defendants' cross motions to dismiss the action for failure to serve and file a notice of medical malpractice action pursuant to CPLR 3406 (a) and substituting therefor a provision denying those motions and granting the plaintiff leave to serve and file a notice of medical malpractice action within 60 days after joinder of issue upon the amended complaint; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the plaintiffs' time to serve and file an amended complaint in accordance herewith is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the appeal from the order entered August 17, 1989, is dismissed as academic, without costs or disbursements, in light of the determination with respect to the order entered May 2, 1989.

In *Tewari v Tsoutsouras* (75 NY2d 1), the Court of Appeals ruled that dismissal of an action is not an authorized sanction for the failure to timely serve and file a notice of medical malpractice action pursuant to CPLR 3406 (a). Accordingly, the action was improperly dismissed pursuant to CPLR 3406 (a) *(see, Tewari v Tsoutsouras, supra)*.

Moreover, the Supreme Court improvidently exercised its discretion in denying those branches of the plaintiff's motion which were for leave to serve an amended complaint separately pleading causes of action to recover damages for wrongful death and conscious pain and suffering. It is axiomatic that leave to serve an amended pleading should be freely granted, particularly where, as here, the proposed amended complaint seeks merely to plead additional theories of recovery, and defendants have asserted no tenable claim of either prejudice

or surprise *(see,* CPLR 3025 [b]; *McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755; *Fahey v County of Ontario,* 44 NY2d 934; *Rutz v Kellum,* 144 AD2d 1017; *see generally,* Siegel, NY Prac § 237, at 288). However, since there can be no recovery for loss of consortium in a wrongful death action *(see, Liff v Schildkrout,* 49 NY2d 622), the amended complaint should not include a cause of action to recover such damages *(see, Grayson v Town of Huntington,* 160 AD2d 835; *Hopper v Hise,* 131 AD2d 814). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.