■ ALISSA FELDMAN, Respondent, v WILLIAM DRUM, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, etc., the defendant William Drum appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), entered August 9, 1991, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed, on the law, with costs, the appellant's motion for summary judgment is granted, the complaint is dismissed insofar as it is asserted against him, and the action against the remaining defendants is severed.

On August 13, 1990, the 23-year-old plaintiff dove into an above-ground swimming pool owned by the appellant and sustained personal injuries. The complaint alleges that the appellant was negligent in failing to take proper precautions with regard to people using and diving into the pool. The appellant moved for summary judgment, arguing that it was the plaintiff's reckless conduct that caused her injuries. The Supreme Court denied the motion, and we reverse.

The record shows that the plaintiff and the appellant's daughter consumed alcoholic beverages at a bar. They then proceeded to the appellant's house and, after turning on one outside light, began swimming and diving in the pool, which had a water level of only four and one-half feet. The two had been swimming and diving for approximately 45 minutes when the accident occurred. The plaintiff was an experienced swimmer who had taken several swimming classes and had learned about diving principles. Under these circumstances we find that it was the plaintiff's reckless conduct, rather than the negligence of the appellant, which was the sole proximate cause of her injuries (see, Howard v Poseidon Pools, 72 NY2d 972; Boltax v Joy Day Camp, 67 NY2d 617; Smith v Stark, 67 NY2d 693). Lawrence, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.