■ JOHN A. SCIANGULA, Respondent, v ROBERT MANCUSO et al., Respondents, and PAUL COMO SWIMMING POOL, INC., Appellant. [612 NYS2d 645] —In an action to recover damages for personal injuries, the defendant Paul Como Swimming Pool, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated September 11, 1992, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted and the complaint is dismissed insofar as it is asserted against the defendant Paul Como Swimming Pool, Inc.; and it is further,

Ordered that, upon searching the record, the defendants Robert Mancuso and Jacqueline Caravello are awarded summary judgment and the complaint is dismissed insofar as it is asserted against them; and it is further,

Ordered that the defendants are awarded one bill of costs.

During a party at the residence of the defendants Robert Mancuso and Jacqueline Caravello in May 1989, the fully clothed plaintiff was pulled, or jumped, into the deep end of

the backyard swimming pool. The in-ground pool had been installed by the defendant Paul Como Swimming Pool, Inc., in 1987. The plaintiff swam toward the shallow end of the pool until his feet touched the bottom. He stood up and walked out of the pool via the steps located at the shallow end. The plaintiff then made a right turn and began to walk back towards the deep end. About halfway to the deep end, still fully clothed, he spontaneously dove back into the pool and sustained personal injuries.

The plaintiff contended that his injuries were caused by the defendants' negligence, *inter alia,* in failing to indicate the depth of the water in the pool. The defendants contended that the plaintiff's injuries were caused solely by his own reckless, culpable conduct and assumption of the risk. The defendants separately moved for summary judgment on those grounds. The Supreme Court denied the defendants' motions finding that the plaintiff did not have the necessary empirical data available to him to determine the depth of the water in the pool.

The Supreme Court erred in denying the appellant's motion. Summary judgment is an appropriate remedy in swimming pool injury cases when from his "general knowledge of pools, his observations prior to the accident, and plain common sense" *(Smith v Stark,* 67 NY2d 693, 694), the plaintiff should have known that, if he dove into the pool, the area into which he dove contained shallow water and, thus, posed a danger of injury *(see, e.g., Howard v Poseidon Pools,* 72 NY2d 972; *Smith v Stark, supra; Boltax v Joy Day Camp,* 113 AD2d 859, *affd* 67 NY2d 617). Summary judgment is particularly appropriate when, as here, the record shows that the plaintiff was an experienced swimmer and diver and that his observations of the pool occurred immediately before the accident *(see, Howard v Poseidon Pools, supra; Smith v Stark, supra; Feldman v Drum,* 178 AD2d 504, 505).

Finally, upon searching the record we find that it is appropriate to award summary judgment to the nonappealing defendants Robert Mancuso and Jacqueline Caravello *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111; *Jacobs v Northeastern Indus. Park,* 181 AD2d 720, 722; *Matter of Jerkens Truck & Equip. v City of Yonkers,* 174 AD2d 127, 135; *Grimaldi v Pagan,* 135 AD2d 496; *cf., Hecht v City of New York,* 60 NY2d 57). Copertino, J. P., Santucci, Friedmann and Goldstein, JJ., concur.