■ NEAL MAGNUS, Respondent, v JOHN FAWCETT, Appellant, et al., Defendant. [637 NYS2d 707] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about August 18, 1994, which, *inter alia*, denied defendant-appellant Fawcett's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion is granted, and the complaint as against defendant John Fawcett is dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing and severing the action as to him.

Plaintiff has not set forth a prima facie showing that the defendant's negligence was the proximate cause of the injuries he sustained after diving into the shallow end of an in-the-ground swimming pool at his rented summer home (*Howard v Poseidon Pools*, 72 NY2d 972). Although the defendant may have been negligent for not providing depth markers, or a safety float line separating the shallow and deep end of his pool, even the most liberal interpretation of the record eliminates any cause of this accident other than the reckless

conduct of this plaintiff, who should have been aware that diving into the shallow end of a pool posed a danger of injury (*supra,* at 974-975, quoting *Smith v Stark,* 67 NY2d 693, 694).

Plaintiff was an experienced swimmer who candidly admitted that, at the time of the accident, he knew he was diving into the shallow end of the pool. A diving board was also situated at the opposite end of the pool; plaintiff had been in the deep end of the pool on at least one prior occasion; he had walked around the pool on several occasions to clean it by skimming the water's surface; and, one month prior to the accident, had been instructed how to vacuum the pool by watching defendant place a hose in the shallow end. Summary judgment should have been granted to the defendant. Concur—Rosenberger, J. P., Rubin, Kupferman and Mazzarelli, JJ.