■ TABITHA BASSI, Respondent, v ELLEN CUCINELLO, as Executor of EUGENE J. CUCINELLO, Deceased, et al., Appellants, et al., Respondents. [655 NYS2d 388] —In an action to recover damages for personal injuries, (1) the defendant Sundance Swimming Pools, Inc., appeals, as limited by its brief, from so much of an

order of the Supreme Court, Suffolk County (Gerard, J.), dated February 15, 1996, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) the defendant Ellen Cucinello separately appeals, as limited by her brief, from so much of the same order as denied her cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted as against her.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motion of Sundance Swimming Pools, Inc., and the cross motion of Ellen Cucinello for summary judgment dismissing the complaint and all cross claims insofar as asserted against them are granted, the complaint and all cross claims are dismissed insofar as asserted against them, and the action against the remaining defendants is severed.

The plaintiff, an experienced swimmer and diver, was severely injured when she struck her neck on the bottom of a pool in which she had been swimming. She commenced this action against, *inter alia*, the appellants Ellen Cucinello, the owner of the pool, and Sundance Swimming Pools, Inc. (hereinafter Sundance), a company which performed renovations on the pool, alleging, *inter alia*, that the lack of proper warnings and markings concerning the depth of the pool constituted a proximate cause of her injuries. It is not disputed that the plaintiff was familiar with the pool at issue, having used it on several prior occasions. After issue was joined, Sundance moved and Cucinello cross-moved for summary judgment. The Supreme Court denied both the motion and cross motion. We now reverse.

Regardless of whether the testimony of the defendant Scott Petrallo or the testimony of the plaintiff as to the manner in which the injury occurred is credited, there is no causal connection between the alleged acts and/or omissions by the appellants and the plaintiff's injuries (*see, Kriz v Schum*, 75 NY2d 25; *Howard v Poseidon Pools*, 72 NY2d 972; *Boltax v Joy Day Camp*, 67 NY2d 617; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308; *Aronson v Horace Mann-Barnard School*, 224 AD2d 249). Accordingly, the complaint and all cross claims are dismissed insofar as asserted as against the appellants. Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.