■ HELEN BIRD, Appellant, v LARRY ZELIN et al., Respondents. [654 NYS2d 137] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about August 22, 1996, which granted defendants' motion for summary judg-

ment dismissing the complaint; and order of the same court and Justice entered September 24, 1996, which granted reargument and thereupon adhered to its original determination, unanimously affirmed, without costs.

The motion court properly dismissed the complaint as plaintiff failed to provide evidence sufficient to raise a triable issue of fact as to whether respondents' alleged negligence in failing to provide pool depth markers or a safety rope line was a proximate cause of the accident. The record conclusively establishes, based upon plaintiff's deposition testimony, that while she generally knew the varying depths of the pool, she was not looking at the pool at the time she "jumped" in and her "reckless conduct * * * constituted an unforeseeable superseding event sufficient to break the causal chain and thus absolve the defendant[s] of liability" (*Kriz v Schum*, 75 NY2d 25, 35; *Magnus v Fawcett*, 224 AD2d 241). Concur—Rosenberger, J. P., Ellerin, Tom and Mazzarelli, JJ.