■ EUGENE EDMONDS, Respondent, v FRANK FODERA et al., Appellants, et al., Defendant. [658 NYS2d 325] —In an action to recover damages for personal injuries, the defendants Frank Fodera and F.O.D. All Enterprises, Inc., appeal from an interlocutory judgment of the Supreme Court, Queens County (Posner, J.), dated December 15, 1995, which, upon a jury verdict on the issue of liability, found them to be 52% at fault in the happening of the accident.

Ordered that the interlocutory judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff, Eugene Edmonds, was rendered a quadriplegic as a result of injuries he sustained when he dove into a four-

foot-deep, above-ground swimming pool while attending a party at the home of the defendants Frank and Marie Fodera. At the liability stage of the bifurcated jury trial the defendants moved, at the close of the plaintiff's case, to dismiss the complaint on the ground that the plaintiff failed to make out a prima facie case. The court denied the motion and the jury subsequently returned a verdict finding the appellants Frank Fodera and F.O.D. All Enterprises, Inc., to be 52% at fault and the plaintiff 48% at fault. The appellants then moved to set aside the verdict as against the weight of the evidence. The court denied the motion and thereafter entered an interlocutory judgment consistent with the jury's verdict. The appellants contend that the trial court erred in denying the motions to dismiss the complaint and to set aside the verdict as against the weight of the evidence. We agree.

Viewing the evidence in the light most favorable to the plaintiff, we find that there was no duty to warn the plaintiff of the obvious danger involved in diving into the pool. Contrary to the plaintiff's contention, a cursory visual inspection would have revealed that this was an above-ground pool, and by virtue of the plaintiff's general knowledge of pools, his observations of people standing in the pool prior to the accident, and plain common sense, he must have known that, if he dove into the pool, the area into which he dove would contain shallow water (*Smith v Stark*, 67 NY2d 693; *see, Sciangula v Mancuso*, 204 AD2d 708). Accordingly, based upon the facts presented in the record on appeal, the plaintiff's own negligence and recklessness, including his intoxication, were the sole proximate causes of his injuries, and the complaint should have been dismissed at the close of the plaintiff's case since he failed to make out a prima facie case. Ritter, J. P., Pizzuto, Altman and Krausman, JJ., concur.