(December 31, 1998)

■ ELIZABETH CLIFFORD, Respondent, v HARROW STORES, INC., et al., Appellants, et al., Defendants. [683 NYS2d 126] —In an action to recover damages for personal injuries, the defendants Harrow Stores, Inc., and Harrow Stores, Inc., d/b/a Harrow's, appeal from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated February 5, 1998, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

In 1986 the defendants Ann and Frank Saviano purchased from the defendants Harrow Stores, Inc., and Harrow Stores, Inc., d/b/a Harrow's (hereinafter Harrow), a four-foot deep, above-ground swimming pool which they then installed partially in-ground. In July 1993 the plaintiff visited the residence of the Savianos, who were her sister and brother-in-law, stepped into the pool and injured her ankle. The plaintiff brought suit alleging, *inter alia*, that the defendant Harrow was negligent by not supplying specific depth markers for the pool.

This Court has stated that "[s]ummary judgment is an appropriate remedy in swimming pool injury cases when from [a plaintiff's] 'general knowledge of pools [a plaintiff's] observations prior to the accident, and plain common sense' " he or she should have known that pool contained shallow water in the area of the accident and thus posed a danger of injury (*Sciangula v Mancuso,* 204 AD2d 708, 709, quoting *Smith v Stark,* 67 NY2d 693, 694; also *see, Edmonds v Fodera,* 239 AD2d 383). Here, the plaintiff had visited the Savianos several times every summer for seven years and had observed their children swimming in the pool. Moreover, the plaintiff testified at her deposition that she observed the hole in the ground before the pool was installed, that she knew the pool was partially in-ground, and that before she stepped into the water, she climbed three or four steps to get to the deck which surrounded the pool, and was then able to observe the bottom of the pool. Thus, the Supreme Court erred in denying Harrow's motion. Copertino, J. P., Joy, Krausman and Goldstein, JJ., concur.