■ MICHAEL SARDELLA, Appellant, v HEI HOTELS #101 INC. et al., Respondents. [715 NYS2d 748] —In an action to recover

damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 8, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On June 12, 1994, at approximately 1:30 A.M., the plaintiff, an intoxicated guest at the defendants' hotel, climbed over a fence to gain access to the hotel's shallow no-diving pool, which was closed. He dove headfirst into the pool from a lifeguard stand and was seriously injured. The plaintiff, an adult, was an experienced swimmer and familiar with pools.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint, as they had no duty to protect the plaintiff from injuring himself in his intoxicated state (*see, Allen v County of Westchester,* 109 AD2d 475). Moreover, assuming the existence of such a duty, the plaintiff's voluntary consumption of alcohol and reckless act of diving into the shallow no-diving pool, after hours, constituted an unforeseeable superseding event absolving the defendants of any liability (*see, Olsen v Town of Richfield,* 81 NY2d 1024; *Howard v Poseidon Pools,* 72 NY2d 972; *Boltax v Joy Day Camp,* 67 NY2d 617; *Donohoe v Town of Babylon,* 246 AD2d 576; *Edmonds v Fodera,* 239 AD2d 383; *Sciangula v Mancuso,* 204 AD2d 708; *Valdez v City of New York,* 148 AD2d 697). Bracken, J. P., Thompson, Altman and McGinity, JJ., concur.