■ MARK FINGUERRA, Respondent, v STEPHEN CONN et al., Defendants, and SUMMER ACTIVITIES, INC., et al., Appellants. JETLINE PRODUCTS OF LONG ISLAND, INC., Fourth-Party Plaintiff, v CARDINAL SYSTEMS, Fourth-Party Defendant-Appellant. (And Other Actions.) [720 NYS2d 497] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered January 4, 2000, which denied the motions by defendants Summer Activities, Jetline Products, Dover Vinyl Products, and fourth-party defendant Cardinal Systems, for summary judgment dismissing, *inter alia*, plaintiff's complaint, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment in favor of appellants dismissing the complaint and the fourth-party complaint and all claims against them.

This Court's prior determination (reported at 252 AD2d 463), rejecting plaintiff's negligence claim against the owners of a swimming pool, on the basis that plaintiff's own reckless conduct in consuming alcoholic beverages and then diving into a section of the pool where the water was not deep enough to safely support his dive, even though he was familiar with the pool and its contours, was the proximate cause of his injuries, bars plaintiff's product liability claims against the non-owner

defendants *(see, People v Evans,* 94 NY2d 499, 502). Under both negligence and product liability theories, plaintiff's reckless conduct was the proximate cause of his injuries, regardless of defective products or the pool owners' failure to warn potential users of the varying depths of the pool *(see, Campbell v Muswim Pools,* 147 AD2d 977, *lv denied* 74 NY2d 608; *Belling v Haugh's Pools,* 126 AD2d 958, *lv denied* 70 NY2d 602). Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Friedman, JJ.