■ FRANCES DOBIN et al., Respondents, v TOWN OF ISLIP et al., Appellants, et al., Defendant. (And a Third-Party Action.) [783 NYS2d 64]—

In an action, inter alia, to recover damages for wrongful death, the defendant Town of Islip appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.H.O.), dated June 17, 2003, as denied that branch of its motion which was for summary judgment dismissing the cause of action to recover damages for wrongful death insofar as asserted against it, and the defendant Resource Recovery Systems of Nebraska, Inc., appeals, as limited by its brief, from so much of the same order as denied those branches of its mo-

tion which were for summary judgment dismissing the causes of action to recover damages for strict products liability, negligent failure to warn, breach of an implied warranty of fitness, and loss of consortium insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Resource Recovery Systems of Nebraska, Inc., which was for summary judgment dismissing the cause of action to recover damages for loss of consortium insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs.

The plaintiffs commenced this action against, among others, the defendant Town of Islip to recover damages for wrongful death, which allegedly resulted from its negligence in the design, construction, maintenance, and operation of the Town's yard waste compost facility (hereinafter the compost facility). The plaintiffs alleged that the decedent died on September 23, 1992, from exposure to various airborne toxins, including aspergillus fumigatus spores, which were caused by and released into the air from the compost facility from 1988 until 1992. The plaintiffs also alleged that the defendant Resource Recovery Systems of Nebraska, Inc. (hereinafter Resource Recovery), sold a compost turning machine called a hydraulic windrow turner, manufactured by the defendant Wamsley Welding and Manufacturing, Inc. (hereinafter Wamsley), to the Town in 1989, which caused harmful levels of aspergillus fumigatus spores to be released into the air.

Contrary to the Town's contention, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the cause of action to recover damages for wrongful death insofar as asserted against it based on the doctrine of governmental immunity. "As a general rule, a municipality may not be held liable for injuries resulting from the negligent performance of a governmental function" absent a special relationship between the injured party and the municipality (*Dixon v Village of Spring Val.*, 6 AD3d 489, 490 [2004]; *see Rivera v Village of Spring Val.*, 284 AD2d 521, 522 [2001]). "When a municipality acts in a proprietary capacity, however, it is generally subject 'to the same duty of care as private individuals and institutions engaging in the same activity' " (*Lemery v Village of Cambridge*, 290 AD2d 765, 766 [2002], quoting *Schrempf v State of New York*, 66 NY2d 289, 294 [1985]). As the Town was acting in a proprietary capacity in its operation of the compost facility, the doctrine of governmental

immunity was inapplicable (see Miller v State of New York, 62 NY2d 506, 513 [1984]; Vestal v County of Suffolk, 7 AD3d 613, 615 [2004]).

In addition, as the plaintiffs correctly argue, the Town's contention that it was entitled to summary judgment dismissing that cause of action based on its claim of qualified immunity was raised for the first time in its reply papers (see O'Neil v Holiday Health & Fitness Ctrs. of N.Y., 5 AD3d 1009, 1010 [2004]). In any event, "[u]nder the doctrine of qualified immunity, a municipality may be held liable only if a duly-executed plan was adopted without an adequate study or reasonable basis" (Santiago v New York City Tr. Auth., 271 AD2d 675, 676-677 [2000]; see Ernest v Red Cr. Cent. School Dist., 93 NY2d 664 [1999]; Weiss v Fote, 7 NY2d 579, 589 [1960]). Here, triable issues of fact exist as to whether the Town's plan for the compost facility lacked a reasonable basis or was adopted without an adequate study.

The plaintiffs correctly conceded on appeal that the loss of consortium cause of action must be dismissed, as "there can be no recovery for loss of consortium in a wrongful death action" (Settembrini v St. Joseph's Med. Ctr., 167 AD2d 530, 532 [1990]; see Liff v Schildkrout, 49 NY2d 622, 631 [1980]). However, triable issues of fact exist as to each of the remaining causes of action, and the Supreme Court, therefore, properly denied those branches of Resource Recovery's motion which were for summary judgment dismissing those causes of action insofar as asserted against it. Smith, J.P., Adams, Crane and Lifson, JJ., concur.