■ Jason Grodski, Appellant, v Greenpoint Bank, Respondent, et al., Defendants. [793 NYS2d 60]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated May 20, 2003, as granted that branch of the motion of the defendant Greenpoint Bank which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was using a friend's swimming pool when he dove into the shallow end of the water and sustained serious injuries. The plaintiff had used the pool a number of times before the accident and was well aware that it had a shallow end and a deep end.

The defendant Greenpoint Bank (hereinafter Greenpoint), which had commenced an action to foreclose a mortgage on the property where the swimming pool was located, established its entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that the plaintiff's act of diving into the shallow end of the pool was the proximate cause of the accident (see Smith v Stark, 67 NY2d 693 [1986]; Bassi v Cucinello, 237 AD2d 238 [1997]; Bird v Zelin, 237 AD2d 107 [1997]; see also Clifford v Harrow Stores, 256 AD2d 602 [1998]; Finguerra v Conn, 252 AD2d 463 [1998]; Edmonds v Fodera, 239 AD2d 383 [1997]; Valdez v City of New York, 148 AD2d 697 [1989]; Campbell v Muswim Pools, 147 AD2d 977 [1989]). In response, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. The plaintiff's mere expressions of hope that further discovery would reveal something helpful to his case provided no basis for denying Greenpoint's motion for summary judgment (see Manney v GE Med. Sys., 7 AD3d 763 [2004]; Mazzaferro v Barterama Corp., 218 AD2d 643 [1995]). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.