■ GEOVANNY NOLASCO, Appellant, v SPLISH SPLASH AT ADVENTURELAND, INC., et al., Respondents. [903 NYS2d 250]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated April 1, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The 30-year-old plaintiff was riding in a raft on the "Hollywood Stunt Rider" attraction at Splish Splash Water Park in Riverhead when he dove head first out of the raft and into a shallow pool, causing him to strike his head. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. We affirm.

The defendants satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law by demonstrating that the plaintiff was the sole proximate cause of his injuries (*see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]). Given that the plaintiff had prior experience swimming and diving, that audio and visual warnings were given regarding the shallowness of the water and against diving, and based on "plain common sense," he should have known that if he dove into the pool, the area into which he dove contained shallow water and, thus, posed a danger of injury (*Smith v Stark*, 67 NY2d 693, 694 [1986]; *see Grodski v Greenpoint Bank*, 16 AD3d 623, 624 [2005]; *Sciangula v Mancuso*, 204 AD2d 708, 709 [1994]; *Feldman v Drum*, 178 AD2d 504 [1991]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Grodski v Greenpoint Bank*, 16 AD3d at 624).

The parties' remaining contentions are either academic in light of our determination or without merit. Mastro, J.P., Santucci, Chambers and Roman, JJ., concur.