■ RAYMOND W. STORMES et al., Appellants, v UNITED WATER NEW YORK, INC., et al., Respondents. [924 NYS2d 281]—

In an action, inter alia, to recover damages for injury to property, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Kelly, J.), dated December 21, 2009, which granted the defendants' motion for summary judgment dismissing the plaintiffs' claim for punitive damages.

Ordered that the order is affirmed, with costs.

The defendants own and operate the Lake DeForest Dam and Reservoir in West Nyack, New York, and the Lake Tappan Dam and Reservoir in River Vale, New Jersey. Both dams impound the water flow of the Hackensack River. On April 15, 2007, and April 16, 2007, a predicted rainstorm swept through the area, resulting in severe flooding downstream from the two dams/ reservoirs. The plaintiffs are property and/or business owners who allegedly sustained damages as a result of flooding.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the plaintiffs' claim for punitive damages. An award of punitive damages is warranted where a plaintiff establishes that the defendant's conduct evinced a high degree of moral turpitude and demonstrated behavior that equated to criminal indifference to civil obligations (see Huang v Sy, 62 AD3d 660 [2009]). "The misconduct must be exceptional, as when the wrongdoer has acted maliciously, wantonly, or with a recklessness that betokens an improper motive or vindictiveness . . . or has engaged in outrageous or oppressive intentional misconduct or with reckless or wanton disregard of safety or rights" (Ross v Louise Wise Servs., Inc., 8 NY3d 478, 489 [2007] [internal quotation marks omitted]).

The defendants made a prima facie showing of entitlement to judgment as a matter of law dismissing the claim for punitive damages, as they demonstrated that, while there remains a question of fact as to whether they negligently operated the dams/reservoirs, there is no evidence tending to establish that their conduct rose to the level of moral culpability required to impose punitive damages (see generally Shovak v Long Is. Commercial Bank, 50 AD3d 1118 [2008]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendants' alleged conduct was so gross,

wanton, or willful, or of such high moral culpability, as to warrant an award of punitive damages (*see Outside Connection, Inc. v DiGennaro*, 18 AD3d 634 [2005]). Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.