■ DANIEL CARRIERO, Appellant, v MARGARITA NAZARIO et al., Respondents, et al., Defendant. [983 NYS2d 422]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), entered July 3, 2012, which granted the motion of the defendants Margarita Nazario and Laura Rivera for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries after diving head-first into an above-ground pool having a water depth of approximately four to five feet, and striking his head on a raised portion of the bottom of the pool. After the plaintiff commenced this action to recover damages for personal injuries, the defendants Margarita Nazario and Laura Rivera (hereinafter together the respondents) moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered July 3, 2012, the Supreme Court granted the respondents' motion.

The respondents established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's act of diving into the shallow pool was the sole proximate cause of his injuries (*see Howard v Poseidon Pools*, 72 NY2d 972, 974-975 [1988]; *Smith v Stark*, 67 NY2d 693, 694 [1986]; *Nolasco v Splish Splash at Adventureland, Inc.*, 74 AD3d 1303, 1304 [2010]; *Grodski v Greenpoint Bank*, 16 AD3d 623, 624 [2005]; *Feldman v Drum*, 178 AD2d 504 [1991]). In support of their motion, the respondents submitted, inter alia, the transcript of the plaintiff's deposition testimony, in which he testified that he swam and dove in the subject pool multiple times prior to the accident, and that he was aware of both the depth of the pool and the existence of the raised portion of the bottom of the pool (*see Howard v Poseidon Pools*, 72 NY2d at 974-975; *Feldman v Drum*, 178 AD2d at 505). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit, submitted in opposition to the motion, presented apparent feigned issues of fact designed to avoid the consequences of his earlier deposition testimony and, thus, was insufficient to defeat the respondents' motion (*see Cagliostro v McCarthy*, 102 AD3d 823, 824 [2013]).

In light of our determination, we need not reach the parties' remaining contentions regarding the applicability of the doctrine of primary assumption of risk.

Accordingly, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Lott, Roman and Cohen, JJ., concur.