■ RAYMOND DAWSON, Respondent, v YMCA OF LONG ISLAND, INC., et al., Appellants. [991 NYS2d 360]—

In an action, inter alia, to recover damages for wrongful death and personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Molia, J.), entered March 18, 2013, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as sought to recover punitive damages and damages for loss of consortium insofar as asserted in connection with the plaintiffs' wrongful death cause of action, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

In February 2008, 17-year-old Marc William Dawson drowned in a swimming pool owned and operated by the defendant YMCA of Long Island, Inc. (hereinafter the YMCA). Marc's father, Raymond Dawson, commenced this action individually, and as the administrator of Marc's estate, to recover damages for wrongful death and personal injuries against the YMCA and four of its employees, alleging that they were negligent in causing Marc's injuries and death.

The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. The defendants appeal.

On their motion for summary judgment dismissing the complaint, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that Marc's actions in taking several deep breaths and then deliberately attempting to remain underwater in the pool as long as possible were the sole proximate cause of his death (*see Carriero v Nazario*, 116 AD3d 818, 819 [2014]; *cf. Williams v City of New York*, 71 AD3d 1135, 1136-1137 [2010]). Given that Marc was a certified lifeguard, and based on "plain common sense," he should have known that these actions posed

a significant danger (*see Nolasco v Splish Splash at Adventureland, Inc.*, 74 AD3d 1303, 1304 [2010]). Additionally, the defendants submitted evidence demonstrating that "shallow water blackout" was not an unusual consequence of such actions. In opposition to the defendants' prima facie showing, however, the plaintiff raised triable issues of fact as to whether the defendants acted negligently, specifically in their alleged failure to diligently attempt to have Marc surface earlier and in their alleged failure to physically remove him from the pool more quickly (*see Taveras v City of New York*, 108 AD3d 614, 616 [2013]; *cf. Williams v City of New York*, 71 AD3d at 1136-1137). Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the complaint was properly denied (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

However, the Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought to recover punitive damages. Such an award "is warranted where a plaintiff establishes that the defendant's conduct evinced a high degree of moral turpitude and demonstrated behavior that equated to criminal indifference to civil obligations" (*Stormes v United Water N.Y., Inc.*, 84 AD3d 1351, 1351 [2011]; *Huang v Sy*, 62 AD3d 660, 662 [2009]). The conduct "must be exceptional, as when the wrongdoer has acted maliciously, wantonly, or with a recklessness that betokens an improper motive or vindictiveness . . . or has engaged in outrageous or oppressive intentional misconduct or with reckless or wanton disregard of safety or rights" (*Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 489 [2007] [internal quotation marks omitted]).

Here, the defendants made a prima facie showing of entitlement to judgment as a matter of law that, to the extent that triable issues of fact remain as to whether they were negligent, their conduct did not rise to the level of moral culpability required to impose punitive damages (*see generally Shovak v Long Is. Commercial Bank*, 50 AD3d 1118, 1120-1121 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants' alleged conduct rose to such level (*see Outside Connection, Inc. v DiGennaro*, 18 AD3d 634, 634 [2005]).

The Supreme Court also erred in denying that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for loss of consortium insofar as this claim is asserted in connection with the plaintiffs' wrongful death cause of action (*see Liff v*

*Schildkrout*, 49 NY2d 622 [1980]; *Dobin v Town of Islip*, 11 AD3d 577, 579 [2004]; *Erbstein v Savasatit*, 274 AD2d 445, 446 [2000]).

The defendants' remaining contentions are without merit. Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.