# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1126**
**CA 16-00143**
PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

PETER C. BRADY, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

MARY LOU DOMINO, DEFENDANT-RESPONDENT.

---

BROWN CHIARI LLP, BUFFALO (TIMOTHY M. HUDSON OF COUNSEL), FOR PLAINTIFF-APPELLANT.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (MAURICE L. SYKES OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered August 4, 2015. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he dove into the shallow end of an in-ground residential swimming pool owned by defendant. Plaintiff alleged that defendant was negligent because she failed to have a rope and float assembly across the pool to delineate the shallow end from the deep end. Supreme Court granted defendant's motion for summary judgment dismissing the complaint, concluding that plaintiff's conduct was reckless, unforeseeable to defendant, and the sole proximate cause of his injuries. We affirm.

It is well established that "[s]ummary judgment is an appropriate remedy in swimming pool injury cases when from his 'general knowledge of pools, his observations prior to the accident, and plain common sense' . . . , the plaintiff should have known that, if he dove into the pool, the area into which he dove contained shallow water and, thus, posed a danger of injury" (*Sciangula v Mancuso*, 204 AD2d 708, 709). In light of that standard, we conclude that defendant met her burden on the motion, and that plaintiff failed to raise an issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562). The record establishes that plaintiff lived on the same street as defendant, swam in the subject pool multiple times prior to the accident, was aware that striking the bottom of a pool was a risk when diving into the shallow end of the pool, and acknowledged that he knew the depth dimensions of defendant's pool, i.e., where the shallow end started and ended. Under those circumstances, we conclude that plaintiff's

reckless conduct was the sole proximate cause of his injuries (*see Howard v Poseidon Pools*, 72 NY2d 972, 974-975; *Smith v Stark*, 67 NY2d 693, 694; *Campbell v Muswim Pools, Inc*., 147 AD2d 977, 978, *lv denied* 74 NY2d 608; *see also Boltax v Joy Day Camp*, 113 AD2d 859, 860-861, *affd* 67 NY2d 617).  Furthermore, even assuming, arguendo, that defendant was negligent in failing to provide a "safety float line separating the shallow and deep end of [her] pool, [we conclude that] even the most liberal interpretation of the record eliminates any cause of this accident other than the reckless conduct of plaintiff" (*Magnus v Fawcett*, 224 AD2d 241, 241-242; *see Finguerra v Conn*, 280 AD2d 420, 421, *lv denied* 96 NY2d 714; *Bird v Zelin*, 237 AD2d 107, 108).

In view of our determination, we see no need to address plaintiff's remaining contentions.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court