Carroll v Montalvo (2018 NY Slip Op 05997)





Carroll v Montalvo


2018 NY Slip Op 05997


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2017-08611
2017-09308
 (Index No. 708560/15)

[*1]Jonathan Carroll, appellant, 
v
Frank P. Montalvo, Jr., et al., respondents.


Gropper Law Group, PLLC, New York, NY (Joshua Gropper of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered July 10, 2017, and a judgment of the same court entered July 25, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
After consuming alcohol, the plaintiff ran out of the defendant's house and dove headfirst into the defendants' pool, striking his forehead on the bottom of the pool. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging that the defendants were negligent in, among other things, the ownership, operation, and maintenance of their pool. The defendants moved for summary judgment dismissing the complaint, and the plaintiff opposed the motion. The Supreme Court granted the defendants' motion and dismissed the complaint.
The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's act of diving headfirst into the defendants' shallow pool was the sole proximate cause of his injuries (see Howard v Poseidon Pools, 72 NY2d 972, 974-975; Smith v Stark, 67 NY2d 693, 694; Carriero v Nazario, 116 AD3d 818, 819; Nolasco v Splish Splash [*2]at Adventureland, Inc., 74 AD3d 1303, 1304; Grodski v Greenpoint Bank, 16 AD3d 623, 624; Feldman v Drum, 178 AD2d 504, 505). In support of their motion, the defendants submitted, inter alia, the plaintiff's deposition transcript, in which he testified that he swam in the subject pool once or twice prior to the accident, and that he was aware of the depth of the pool (see Howard v Poseidon Pools, 72 NY2d at 974-975; Carriero v Nazario, 116 AD3d at 819; Feldman v Drum, 178 AD2d at 505). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court