Moscatiello v Wyde True Value Lbr. & Supply Corp. (2019 NY Slip Op 00269)





Moscatiello v Wyde True Value Lbr. & Supply Corp.


2019 NY Slip Op 00269


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-02710
 (Index No. 2365/13)

[*1]Nicholas Moscatiello, appellant, 
v
Wyde True Value Lumber & Supply Corp., et al., defendants-respondents, EZ Dock Mid-Atlantic, also known as Tri-State EZ Dock, Inc., defendant third-party plaintiff-respondent, et al., defendants; YMCA of Greater New York, et al., third-party defendants-respondents.


Kramer & Pollack, LLP, Mineola, NY (Larry Kramer of counsel), for appellant.
Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick and Gary A. Marshall, Jr., of counsel), for defendant-respondent Wyde True Value Lumber & Supply Corp.
MacVean, Lewis, Sherwin & McDermott, P.C., Middletown, NY (Jeffrey D. Sherwin of counsel), for defendants-respondents Playpower, Inc., and EZ Dock, Inc.
Rubin, Fiorella & Friedman, LLP, New York, NY (Paul Kovner and Kristin E. Poling of counsel), for defendant third-party plaintiff-respondent.
Babchik & Young, LLP, White Plains, NY (Siobhan A. Healy of counsel), for third-party defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated January 15, 2016. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability, and granted the motion of the defendant Wyde True Value Lumber & Supply Corp., the separate motion of the defendants Playpower, Inc., and EZ Dock, Inc., and the separate motion of the defendant EZ Dock Mid-Atlantic, also known as Tri-State EZ Dock, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the respondents appearing separately and filing separate briefs.
In August 2011, the plaintiff worked as a swimming instructor and lifeguard at a sleep-away camp operated by the third-party defendants YMCA of Greater New York and New York YMCA Camp (hereinafter together the YMCA defendants). The camp, which was located on a lake, was geared toward campers ages five to eight. On August 2, 2011, at the request of his supervisor, the plaintiff participated in the swimming portion of an annual camp counselor relay race. After [*2]being "tagged," the plaintiff sprinted into the lake and attempted to perform a shallow dive into a swimming area that the YMCA defendants had created using a plastic, modular dock system. Two sections of the dock extended into the lake perpendicular to the shore, those sections were joined together by a third section which ran parallel to the shore. The enclosed swimming area created by the three sections of the dock and the lake shore was further divided by buoy lines running parallel to the lake shore which divided the swimming area into color-coded swimming zones of varying depths, the red zone being the most shallow. Video recordings and a photograph of the incident showed the plaintiff commencing his headfirst dive while in ankle-deep water in the red swimming zone. As a result of his dive, the plaintiff sustained serious injuries and was rendered a quadriplegic.
Thereafter, the plaintiff commenced this action against, among others, the defendants PlayPower, Inc., and EZ Dock, Inc. (hereinafter together the EZ Dock defendants), the manufacturers of the modular dock system, the defendant EZ Dock Mid-Atlantic, also known as Tri-State EZ Dock, Inc. (hereinafter Mid-Atlantic), the distributor of the dock, and the defendant Wyde True Value Lumber & Supply Corp. (hereinafter Wyde), which delivered the dock components to the YMCA defendants. The plaintiff asserted causes of action sounding in negligence, strict products liability, and breach of warranty. Subsequently, Mid-Atlantic impleaded the YMCA defendants as third-party defendants. Following discovery, the plaintiff moved for summary judgment on the issue of liability, and Wyde, the EZ Dock defendants, and Mid-Atlantic (hereinafter collectively the defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The YMCA defendants, among other things, opposed the plaintiff's motion for summary judgment on the issue of liability. The Supreme Court, inter alia, granted the defendants' separate motions, and denied the plaintiff's motion. The plaintiff appeals.
The proponent of a summary judgment motion bears the burden of making a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of material issues of fact (see e.g. Alvarez v Prospect Hosp., 68 NY2d 320, 324). Only after this showing has been made does the burden shift to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material triable issues of fact (see id. at 324).
A strict products liability cause of action predicated on a failure to warn is for the most part indistinguishable from a negligence cause of action (see Matter of New York City Asbestos Litig., 27 NY3d 765, 787; Enright v Eli Lilly & Co., 77 NY2d 377, 387). In order to prove a prima facie case, a plaintiff must demonstrate that the alleged absence or inadequacy of warnings regarding the use of the product was a substantial cause of the plaintiff's harm (see Howard v Poseidon Pools, 72 NY2d 972, 974; Voss v Black & Decker Mfg. Co., 59 NY2d 102, 107; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). Although the issue of proximate cause is usually for the finder of fact, "where only one conclusion may be drawn from the established facts" that issue may be decided as a matter of law (Derdiarian v Felix Contr. Corp., 51 NY2d at 315).
On the issue of proximate cause, the plaintiff failed to satisfy his prima facie burden on the issue of liability, while the defendants established, prima facie, that the plaintiff's act of diving into shallow water was the sole proximate cause of the plaintiff's accident and his resulting injuries (see Tkeshelashvili v State of New York, 18 NY3d 199, 201; Howard v Poseidon Pools, 72 NY2d at 974; Feldman v Drum, 178 AD2d 504, 505). In support of their respective motions, the defendants submitted, inter alia, the plaintiff's deposition testimony, which established that the plaintiff, a swimming instructor, was familiar with the various color-coded swimming areas at the lake, and the danger of diving into shallow water. The plaintiff's testimony also established that he was aware of the shallow condition of the water in the red swimming zone where he commenced his dive. The plaintiff acknowledged that the depth of that water was 14 to 20 inches, "at its deepest." Accordingly, the plaintiff's conduct was the sole proximate cause of the accident (see Tkeshelashvili v State of New York, 18 NY3d at 207; Howard v Poseidon Pools, 72 NY2d at 974; Smith v Stark, 67 NY2d 693, 694; Boltax v Joy Day Camp, 67 NY2d 617, 619-620; Rudat v Mark Colf Excavating Contr., Inc., 66 AD3d 1425, 1425). In opposition, the plaintiff failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Edmonds v Fodera, 239 AD2d 383).
The plaintiff's contention that Mid-Atlantic's motion for summary judgment was untimely, and therefore should not have been considered by the Supreme Court, is without merit (see CPLR 2211; Lennard v Khan, 69 AD3d 812, 814; Rivera v Glen Oaks Vil. Owners, Inc., 29 AD3d 560, 561).
In light of our determination, we need not consider the parties' remaining contentions.
Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion for summary judgment on the issue of liability, and grant of the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court